IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA ORLANDO DIVISION

JAMES DESTINO,

    Plaintiff

vs.　　　　　　　　　　　　　　　　　　　　CASE NO.: 6:17-cv-1207-Orl-41KRS

ALLIED CREDIT CONSULTANTS, LLC., d/b/a
ROTH, MORGAN and ASSOCIATES and NOEL
RAMSAROOP and JOHN DOE #1 a/k/a DAVID HARRIS
and JOHN DOE #2 a/k/a GREG FISHER and JOHN DOE #3
and THE ROTH MORGAN FIRM CORP.
and ANDREW J. MARRERO and JOHN DOES #4-10.
          Defendants.
_____/

## MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT, OR IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT AND SUPPORTING MEMORANDUM OF LAW

**COMES NOW**, the Defendants, **THE ROTH MORGAN FIRM CORP., NOEL RAMSAROOP and ANDREW J, MARRERO** by and through undersigned counsel, and pursuant to Rules 12 (b) (6) and 12 (e), Federal Rules of Civil Procedure move on the following grounds for the Court to dismiss the Amended Complaint, or in the alternative, to order that the Plaintiff provide a more definite statement of the Complaint.

    1.    The Plaintiff has filed a twenty-nine (29) count Amended Complaint, consisting of 216 paragraphs. Unfortunately, the Complaint is pled in such a manner that it is impossible to discern whether the Plaintiff is suing all, some, or only one Defendant in any of the twenty-nine (29) counts.

2. The Amended Complaint contains a single prayer for relief for all twenty-nine claims without differentiating what relief the Plaintiff is seeking against which Defendant, or group of Defendant.

3. As a result of the pleading defects identified above, the Amended Complaint constitutes a "shotgun" pleading prohibited in both the Eleventh Circuit and in the Middle District of Florida. Accordingly, the Court should dismiss the Amended Complaint.

4. Alternatively, the Defendants cannot respond to the Amended Complaint as presently pled because they cannot determine which cause of action is plead against them and what relief the Plaintiff seeks against each of the Defendants for each claim presented.

5. The Court should accordingly require the Plaintiff to provide a more definite statement of each claim for relief in the Amended Complaint.

**WHEREFORE**, the Defendants respectfully request the Court to grant their Motion to Dismiss and dismiss the Amended Complaint, or in the alternative, grant their Motion for More Definite Statement and require the Plaintiff to amend his Amended Complaint, and grant such other relief which this Court deems just and appropriate.

## MEMORANDUM OF LAW

Pursuant to Local Rule 3.01 (a), Rules of the Middle District of Florida, Defendants submit this Memorandum of Law in support of their Motion to Dismiss, or in the alternative, Motion for More Definite Statement

The Plaintiff's Amended Complaint fails to comply with the procedural rules governing pleadings, and should be dismissed. In particular, the Complaint violates Rule 8 (a) (2) Federal Rules of Civil Procedure, which requires that a pleading contain a "short and plain

statement of the claim" showing that the Plaintiff is entitled to relief. The Complaint also violates the requirement of Rule 10 (b), Federal Rules of Civil Procedure, that the allegations "shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances... and each claim found upon a separate transaction or occurrence…. shall be stated in a separate count."

The Amended Complaint presently contains twenty-nine (29) counts, each of which incorporates by reference various allegations contained within each preceding paragraph. As a result, the counts contain redundant and irrelevant factual allegations and legal conclusions. This is, "in no sense the short and plain statement of the claim as required by Rule 8." *Magluta v. Samples*, 256 F.3d 1282, 184-1285- (11th Cir. 2001).

Incorporation of preceding allegations into each count of the Complaint constitutes a "shotgun pleading" which the Eleventh Circuit has repeatedly condemned. *Id.* "Shotgun pleadings … impede the due administration of justice and, in a very real sense, amount to an obstruction of justice." *Byrne v. Nezhat*, 261 F.3d 1075, 1128-34 (11th Cir. 2001). "[I]t is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Anderson v. Dist. Bd. Of Trustees of Cent. Fl. Comm. College*, 77 F.3d 364, 366 (11th Cir. 1996).

Plaintiffs' "shotgun" complaint should be dismissed. *Strategic Income Fund, L.L.C. v. Spear, Leads & Kellogg Corp.*, 305 F.3d 1293, 1297 (11th Cir. 2002) (affirming dismissal of 'shotgun' complaint); *Roundtree v. Countrywide Home Loans, Inc.*, 2009 WL 5215334 *3-4 (M.D. Fla. December 29, 2009) (dismissing 'shotgun' complaint).

Alternatively, because a "shotgun" complaint "presents an unfair burden on the defendant, the plaintiff should be required to provide a more definite statement of his complaint." *Beckwith v. Bellsouth Telecomm., Inc.*, 146 Fed. Appx. 368, 2005 WL 2012667 (11th Cir. August 22, 2005) (affirming district court order directing plaintiff to file more definite statement of its claim); see Anderson, 77 F.3d at 366 (opining that district court would have granted a motion for more definite statement of plaintiff's "shotgun" complaint had defendant actually moved for one).

If the Amended Complaint is not dismissed in its entirety, the Plaintiff should be ordered to amend his Amended Complaint to add a prayer for relief following each count specifically stating what relief is sought by which Plaintiff against which Defendant.

## CONCLUSION

For all of the foregoing reasons, Plaintiff's Amended Complaint should be dismissed, or, in the alternative, Plaintiff should provide a more definite statement of his claims.

**Respectfully Submitted**, this 2nd day of October 2017

/s/ Justin R. Infurna, Esq., LL.M.
Justin R. Infurna, Esq., LL.M
Florida Bar No.: 0084284 The
Infurna Law Firm, P.A.
Attorney for Defendants
121 South Orange Ave., Ste. 1500
Orlando, Florida 32801
Telephone: (800)-774-1560
Fax: (407) 386-3419
justin@infurnalaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy hereof has been electronically filed with the Clerk of the Court using the CM/ECF system on this the 2nd day of October, 2017, which will send notice of electronic filing to counsel for the Plaintiff, Richard E. Fee, Fee and Jeffries, P.A., 1227 North Franklin Street, Tampa, Fl. 33602

/s/
<u>Justin R. Infurna, Esq., LL.M.</u>
Justin R. Infurna, Esq., LL.M
Florida Bar No.: 0084284 The
Infurna Law Firm, P.A.
Attorney for Defendants
121 South Orange Ave., Ste. 1500
Orlando, Florida 32801
Telephone: (800)-774-1560
Fax: (407) 386-3419
justin@infurnalaw.com